Scott, J.
Counsel for plaintiff in error, complain that the court belpW permitted a recovery as on an implied contract, for services rendered under an express contract.
This was not necessarily erroneous. If, after plaintiff below had rendered services under the express contract, and whilst he 'was in no default, the defendant below saw proper to ignore the special contract, and to render full performance by the plaintiff impossible by completing the-services himself, he should not be permitted to set up the-special contract, which he had thus voluntarily abandoned, to prevent a recovery on a quantum meruit, for the services actually rendered.
It is further complained that the pleadings did not justify the judgment rendered, “the petition being based upon the alleged services of an auctioneer, in actually making a sale, and the recovery being had upon supposed services of a broker in trying to make a sale.”
The petition in this case shows that the action was brought to recover a balance of account (of which a copy was annexed to the petition) for services rendered as auctioneer, and for money paid and expended, by plaintiff for defendant, "at his request. In the account were sundry items for expenses incurred by plaintiff' in advertising defendant’s property for sale in sundry news *97 papers, ancl in procuring and setting np posters, etc., all of' which, the court found to have been paid by defendant, and he is credited with such payment in the statement of the’ account. The only item in dispute between the parties is thus stated in the account: “ Commission for making sale, $200.” Whether this claim to a commission or compensation for services in making sale of defendant’s property was based on an express or an implied contract is not shown by the pleadings. Nor does the record show any part of the evidence offered on the trial of the case. The-findings of fact made by the court, though in some respects not as full as might be desired, and though some of them are stated among the conclusions of law, yet they substantially show, that on the 25th of November, 1869, defendant below placed in the hands of Kohl, who was a real estate agent, certain real' estate, with authority to sell the same either at public or private sale, for the price of $86,000, or at such other price as might be agreed upon by the owner; that the expenses of advertising were to be paid by the owner, and that Kohl was to have exclusive charge of selling the property, and was to receive a commission of $200. That Kohl made due efforts to sell the property at-private sale without success till April 22, 1870, when he offered it at auction, and it was bid off by one Tyler, at $22,000, and that he signed a contract of sale and purchase, but with an understanding that it was not to be binding;, but Tyler would have taken the property at that price if defendant below had desired; but he did not so desire, and the transaction was thereupon not regarded by the parties-as a sale. Shortly afterward defendant below paid the expenses of the auction to plaintiff below, and requested him to continue his efforts to sell at private sale, which he did. Two days after this the premises were sold by defendant below himself, and to the same purchaser to whom they had been struck off at auction, by the plaintiff below. To-this same purchaser with whom Kohl had been negotiating,, defendant below sold the property for more than $1,500- *98 less than he would have obtained for it under the sale made by Kohl, which he had declined to ratify, but stipulated with the purchaser for one-half the profits which might arise from a resale. Such resale was effected by the purchaser, and defendant below received the sum of $1,000 as his half of the profits arising thei'efrom. This, we think, was such a clear breach of his agreement, that Kohl should have the exclusive charge of selling the property, as would make it no longer binding upon Kohl, and would entitle him to recover the value of his services rendered under the contract, to any extent not exceeding the amount of commission or compensation fixed by the terms of the contract. A sale of the premises had in fact been effected, whilst Kohl had exclusive charge of selling them, and he regarded the sale as made under such circumstances, and to such a purchaser, as entitled him to compensation for services, as though he had in fact effected the sale himself. He accordingly stated his claim in the account as being for “ commission for making sale.” The term “ commission,” as here used, legally imports a sum allowed as compensation to a servant, factor, or agent, who manages the affairs of others, in recompense for his services. The right to such allowance may either be the subject of a special contract, or it may rest upon an implied contract to pay quantum meruit. (Bouvier’s Diet.) The plaintiff below may not have stated h’is claim with precision and; technical accuracy, or the court may not have found it true to the full extent claimed; yet if the variance was not such as would mislead the defendant as to the nature and character of the claim in suit, and it was found so far true as to constitute a sufficient cause of action, the plaintiff would be entitled to judgment. The plaintiff’below claimed compensation for services rendered by him in making a sale of defendant’s property. The court declined to find whether the plaintiff became entitled to his commission by the alleged auction sale to Tyler, deeming such finding immaterial, because they found he was entitled to recover upon a quantum meruit for services rendered in attempting *99 to make a sale, which was subsequently effected by defendant himself under the circumstances stated in their previous findings. We think the court below did not err, to the substantial prejudice of the plaintiff in error, in holding that Kohl could recover under the pleadings for services rendered in endeavoring to effect a sale, which was in fact accomplished in the manner and under the circumstances stated in its findings.
We can not admit the soundness of the claim that Kohl could not recover without' showing that he had himself fully completed a sale of the premises. The defendant by paying the items of expense charged in the plaintiff’s account, virtually admitted that plaintiff had taken pains to advertise the property extensively by means of newspapers and posters, and the court found that he had made ■due efforts to sell it, at private sale, for four or five months; had then offered it at auction, and found a bidder with whom the terms of a sale were agreed upon, subject, however, to the will of the defendant, who declined to ratify the sale, but subsequently sold the property to the same purchaser on different terms, thereby taking it out of plaintiff’s hands, contrary to his express stipulation. We think no citation of authorities is necessary to show that defendant could not thus avail himself of the benefit of plaintiff’s services without liability to account therefor.
Counsel for plaintiff in error claim that it appears from the record that the value of Kohl’s services was found by the court upon insufficient evidence, or without any proof of their value. We think that no such question can he raised upon this record.
The evidence upon which issues of fact are found, •either by the court or a jury, can be brought u|)on the record, and made part thereof only by a bill of exceptions.
In this case no bill of exceptions was taken, and as to the evidence on which the findings of the court were based, the legitimate record is wholly silent. It is true that what purports to be the fifth finding of fact by the court, professes to set out the fact that “ no evidence was *100 given in the cause by any witness as to the value in dollars' and cents of plaintiff’s services to the defendant,” and then proceeds to state that the value of such service's was found upon certain facts, which are stated in a general way, “ together with all the other facts and circumstances in the-case.” This was not the finding of any fact relevant to any issue made by the pleadings, but a mere loose and indefinite statement of the grounds upon which a finding as to a fact put in issue was made. The jdaintiff in error had a right to have the findings of fact made part of the record without any hill of exceptions; but if he desired to raise a question as to whether these findings were warranted by the evidence, he could only do So by means of a bill of exceptions showing the evidence on which such findings were made, or that they were made without evidence. No statement on that subject could, by being improperly incorporated into the findings of fact, be made part of the record.
But, even if this statement were properly before us, we-think it does not disclose error. The parties had agreed upon the value of the services which, at the time of making their contract, they contemplated as likely to become necessary in its execution by the plaintiff. The evidence may have clearly shown that all the services usual in such cases had been fully rendered and performed by the plaintiff, and if the court considered that the sale was-made under such circumstances as ought not to diminish the amount stipulated for in the contract, as compensation for such services, we can not say that its finding on that subject was not warranted by the evidence, though no witness may have given his opinion as to the value in dollars- and cents of the plaintiff’s services.

Judgment affirmed.